IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICHARD A. MCCURDY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-643 |
| NANCY A. BERRYHILL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | ) ) ) ) ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 26th day of September, 2019, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to consider properly the medical opinion evidence of Plaintiff's treating physician in making Plaintiff's residual functional capacity assessment ("RFC"); and (2) failing to discuss sufficiently certain medical records in his decision. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as her ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give great weight to the opinion rendered by treating physician Louis W. Catalano, M.D. in formulating Plaintiff's RFC. (R. 651-53). A claimant's RFC is the most that a claimant can do despite his or her limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).

Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ did not fail to provide sufficient reasons for discounting Dr. Catalano's opinion, nor did she substitute her own lay analysis for the judgment of Dr. Catalano in formulating Plaintiff's RFC. Rather, the ALJ fulfilled her duty as fact-finder to evaluate Dr. Catalano's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. In fact, the ALJ specified that she was giving Dr. Catalano's opinion little weight only after extensively discussing Plaintiff's treatment and examination records and his relatively full and independent activities of daily living (including working side jobs three days a week), and while also weighing the other opinion evidence in the record. (R. 15-19). In the end, the ALJ ultimately

found that Dr. Catalano's statement should be given little weight because it is inconsistent with the record. (R. 19).

Moreover, the Court notes that the medical source statement of Dr. Catalano that Plaintiff is discussing here consists of a simple form evaluation that was filled out by the doctor. (R. 651-53). The form largely consists of options to circle or check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that, on its face, Dr. Catalano's medical source statement alone lacks significant discussion, explanation, or details to justify his findings contained therein. To the extent the limitations that Dr. Catalano found can be justified by referring to his treatment records, the ALJ sufficiently explained why he found such justification to be lacking.

Notably, in his decision, the ALJ reviewed the restrictions included in Dr. Catalano's medical source statement, including that Plaintiff would have significant difficulties grasping, turning and twisting small objects and using his fingers for fine manipulation with both hands; that Plaintiff has severe pain that would prevent him from using his hands on a routine and continuous basis for work-related activities; and that he would need unscheduled breaks, would be off-task 25% or more of the workday, and would be absent from work more than 4 days per month. (R. 18-19). The ALJ explained that he was giving Dr. Catalano's opinion as to Plaintiff's restrictions little weight, however, because it is inconsistent with the record, particularly his deposition testimony. (R. 19). The ALJ noted that, in his deposition, Dr. Catalano stated that Plaintiff could not go back to his old job because of the heavy repetitive lifting and repetitive work it involved, but he also explained that Plaintiff could perform light duty work. (R. 19). The ALJ further explained that Dr. Catalano stated in his deposition that he generally agreed with the functional capacity evaluation completed by Thomas Buches, P.T., D.P.T., which found that Plaintiff may do better with a job that has a short day or that consists of alternative work that does not involve him handling heavy brick and block all day, and that would include activities that are less repetitive and would involve less weight, including sedentary work such as writing, typing, and hand manipulation of smaller objects. (R. 593, 616). Regardless of whether Dr. Catalano's deposition was given in the context of a workers' compensation claim or a social security disability claim, the ALJ clearly could find that such findings conflict with the significant restrictions included in Dr. Catalano's medical source statement.

In continuing his discussion, the ALJ also explained that the record contained complaints of hand pain, numbness, and cold intolerance by Plaintiff. (R. 19). Finally, the ALJ noted that, as the record includes multiple opinions relative to Plaintiff's ability to return to work in the context of litigation and/or a workers' compensation claim, he gave such opinions some weight (including that of Dr. Catalano who indicated that Plaintiff would be unable to perform his job as a bricklayer) because they are consistent with the overall record. (R. 19, 634). The ALJ then concluded that he had accommodated Plaintiff's limitations by including appropriate manipulative, environmental, and mental limitations in the RFC. (R. 19).

As the Court noted, supra, the ALJ reviewed and discussed the evidence of record at length in his decision.  While some evidence supports Plaintiff's complaints, the Court finds that a great deal of evidence is not consistent with the extreme limitations contained in Dr. Catalano's opinion.  For instance, as the ALJ stated in his review of the record, while there were complaints of pain and sleep difficulties in the record, Plaintiff often appeared alert and oriented and in no apparent distress upon examination.  (R. 17).  Although there were complaints of concentration and memory difficulties, examinations documented intact memory and good attention span and concentration.  (R. 17).  Although Plaintiff complained of headaches, he did not report this consistently in medical records.  (R. 17).  Moreover, the record shows that Plaintiff received treatment including physical therapy, trigger point injections, and medication including Oxycodone, Losartan, and Topamax, and that such treatment resulted in at least partial symptomatic improvement.  (R. 17).

The Court therefore concludes that the ALJ reasonably found that discrepancies exist between the extensive limitations suggested by Dr. Catalano in his statement and Plaintiff's treatment history, the physical examination findings, and Plaintiff's own statements to his care providers.  Although Plaintiff cites to various pieces of evidence supporting his alleged limitations in his brief, the job of the Court here is to determine whether substantial evidence supports the ALJ's findings.  See 42 U.S.C. § 405(g); Hundley v. Colvin, No. 16-153, 2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016).  Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a *de novo* review, it is not proper for the Court to re-weigh the evidence at this juncture.  See id.; see also Weidow v. Colvin, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim).

Thus, the Court finds that the ALJ did not err in considering Dr. Catalano's medical opinion evidence, and that the ALJ sufficiently explained his reasons for giving Dr. Catalano's opinion less than controlling weight in reaching his conclusions.

Moreover, the Court finds that, in determining Plaintiff's RFC, the ALJ also properly considered other medical opinions in the record.  For example, the ALJ also addressed the functional capacity examination completed by Mr. Buches, discussed supra, who found that Plaintiff could perform medium-heavy work with various additional limitations.  The ALJ ultimately gave that opinion "some weight" as Mr. Buches had conducted thorough testing of Plaintiff's physical capacity and his findings were consistent overall with the impairments described in the record.  (R. 18).  The ALJ agreed that Mr. Buches' explanation of Plaintiff "retaining strength while losing ability to lift and/or carry on a sustained basis because of the specific impairment to the fourth and fifth digits diminishing his ability to grip is generally supported."  (R. 18).  However, the ALJ further found that some of the functional capacity conclusions were not supported by the evidence, that Plaintiff is more limited in crawling due to the conditions in his wrists and arms, and that he is more limited in balancing due to medication side effects.  (R. 18).  The ALJ also found that the evidence supports some limitations on repetitive movement with hand controls, but no limitations on foot controls or crouching.  (R. 18).

4

Additionally, the ALJ considered the opinion of consultative medical examiner Khalid Malik, M.D., who found that Plaintiff could lift and/or carry 20 pounds occasionally, sit for 1 hour at a time and for a total of 8 hours, stand for 1 hour and for a total of 7 hours, and walk for 1 hour at a time for a total of 6 hours in an 8-hour day, with additional limitations. (R. 18, 422-35). The ALJ gave that opinion "some weight," finding that the evidence supported exertional, postural and environmental limitations. (R. 18). However, the ALJ found that some limitations assessed by Dr. Malik are not supported by the evidence, including physical examinations documenting normal muscle strength and tone, normal sensation, good attention span and concentration, normal coordination, and normal gait and station. (R. 18). The ALJ also found Plaintiff to be less limited in his ability to sit, stand and walk, stoop, crouch, climb stairs and ramps, and operate a motor vehicle than indicated by Dr. Malik. (R. 18).

Finally, the ALJ considered the opinion of Plaintiff's orthopedic physician Barbara Campbell, M.D., who found that Plaintiff could not work more than a few days a week and could not handle any type of exposure to cold weather as required by his brick layer position. (R. 18). The ALJ stated that he gave that opinion "some weight" as the evidence supported such findings. (R. 18). The ALJ noted, however, that Dr. Campbell did not analyze Plaintiff's ability to perform light or medium exertion work which included restrictions on the use of his hands and exposure to cold. (R. 18).

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss Dr. Catalano's opinion as well as the other relevant opinion evidence addressing Plaintiff's impairments that was presented in the record. The Court further finds that substantial evidence supports the ALJ's evaluation of that evidence and her decisions as to the weight she gave to those opinions in making her ultimate determination.

Plaintiff also argues that the ALJ failed to address fully the medical records from treating physician Bernard Sherer, M.D., which include Plaintiff's allegations of pain. (R. Ex. 5F, 9F). Plaintiff concedes, however, that the ALJ did in fact address Plaintiff's complaints of pain in his analysis, and that the ALJ did cite to Dr. Sherer's records in his decision. Nevertheless, Plaintiff contends that the ALJ should have more fully evaluated those records.

The Court notes that the ALJ is not required to make reference to every relevant treatment note in his or her analysis, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Here, upon close review of the record and the decision by the ALJ, the Court cannot find that the ALJ failed to address Dr. Sherer's records sufficiently. Although Plaintiff contends that the Court is deprived of knowing whether such evidence was ever considered, the Court finds that the ALJ clearly considered Dr. Sherer's records, as he cited to such records and discussed them along with Plaintiff's other treatment records in her analysis. (R. 16-18). Moreover, the Court emphasizes that the ALJ expressly stated in her discussion that Plaintiff's complaints of pain were evidenced in the record. Nevertheless, the ALJ concluded that, based on the record as a whole, Plaintiff's subjective complaints of pain are only partially consistent with the evidence, and that the objective evidence does not support the alleged severity of Plaintiff's symptoms. (R. 19).

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Plaintiff does not point to critical evidence from Dr. Sherer's records that the ALJ should have addressed but did not (other than listing some of his allegations in his description of the evidence overall), and because no particular outcome-changing complaints are otherwise apparent to the Court, the Court finds that Plaintiff's claim in this regard lack merit.

The Court thus finds that the ALJ did not err by failing to consider Dr. Sherer's records sufficiently in his analysis. Further, as to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not err in discussing and assessing the medical opinions and other relevant evidence of record in formulating Plaintiff's RFC. Accordingly, the Court affirms.